UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CENTRAL PROGRESSIVE BANK | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4036 |
| JOHN A. MCNEIL, JR., ET AL | SECTION "N" (5) |

## **O R D E R and R E A S O N S**

Before the Court is the Defendants' Motion to Dismiss Pursuant to Rule12(b)(2) or, in the alternative, to Transfer Venue (Rec. Doc. 9). The motion is opposed by Plaintiff Central Progressive Bank ("CPB"). After reviewing the Complaint, the Memoranda and attached exhibits, and the applicable law, the Motion is denied as set forth herein.

### I. BACKGROUND

Plaintiff Central Progressive Bank is a banking institution with its principal place of business in Lacombe, Louisiana. All of its branches are located in Louisiana. PC Land Holdings, LLC ("PC") executed a promissory note payable to CPB in the sum of $4,875,000 on June 22, 2005. The two companies also executed a Deed of Trust in favor of CPB on property located in Pass Christian, Mississippi, as security for the loan. This property is the subject of a foreclosure action in Mississippi state court. Further, John A. McNeil, Jr. ("McNeil") and Davage J.

Runnels, Jr. ("Runnels"), both domiciled in Florida, executed commercial guaranties obligating themselves personally for all sums due under the promissory note, including principal, interest, and attorneys' fees. These guaranties are expressly governed by Louisiana law (to the extent not preempted by federal law), list CPB's Louisiana address, and were delivered to CPB in Louisiana after execution. They envisioned payment being sent to Louisiana and were prepared by counsel in Louisiana. They also note, in their third paragraph, that McNeil and Runnels agreed "TO GUARANTEE PAYMENT OF BORROWER'S PRESENT AND FUTURE INDEBTEDNESS IN FAVOR OF LENDER ON A CONTINUING BASIS." Mot. at Ex. F (June 22, 2005 Guaranty) (emphasis in original).

On the date the guaranties were executed and again on August 24, 2007, CPB and PC entered into business loan agreements that provided for the terms of the promissory note. The two companies later extended the maturity date of the note and adjusted the interest rate on July 24, 2007, and August 24, 2007. All sums owing under these guaranties came due on March 24, 2008. On June 18, 2008, CPB filed suit against McNeil and Runnels in the 22nd Judicial District Court in St. Tammany Parish, Louisiana. On July 28, 2008, the suit was removed to this Court. Defendants filed the instant motion, arguing that neither McNeil nor Runnels are domiciled in Louisiana or have ever even traveled to the state on business, and thus they have no "minimum contacts" sufficient to support the exercise of this Court's jurisdiction over them. In the alternative, they argue that the Court should transfer the instant suit to another district court in Mississippi or Florida.

## II. ANALYSIS

**A. Rule 12(b)(2) Motion**

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a court rules on this issue without a full evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In determining whether plaintiffs have made a prima facie showing of jurisdiction, the Court accepts as true the allegations in the complaint, unless controverted by opposing affidavits, and resolves all factual conflicts in favor of the plaintiff. *Id.* In making its determination, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of . . . recognized [discovery] methods." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, *see* LA. REV. STAT. 13:3201(B), the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements. The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair

3

play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts may give rise either to "specific" personal jurisdiction or "general" personal jurisdiction. *See id.* Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *Wilson*, 20 F.3d 644 at 647. General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n.9; *Wilson*, 20 F.3d at 647. This case presents only the question of specific jurisdiction.

To determine whether specific jurisdiction exists, courts examine whether the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry v. United States Tobacco Co., Inc*., 188 F.3d 619, 625 (5th Cir. 1999); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc*., 754 F.2d 542, 547-48 (5th Cir. 1985). The defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (citing *World-Wide Volkswagen Corp. v.. Woodson*, 444 U.S. 286, 297 (1980)). To determine whether specific jurisdiction exists, the Fifth Circuit has developed a three-step analysis. *Seiferth v. Helicopteros Atuneros, Inc*. 472 F.3d 266, 271 (5th Cir. 2006). The Court must look to (1) whether the defendant had minimum contacts and purposefully directed its activities toward the forum state or purposefully availed itself of

conducting activities there; (2) whether the cause of action arises out of defendant's contacts with the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id.* (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

That plaintiff entered into a contract with an out-of-state party cannot by itself establish personal jurisdiction. *Burger King Corp. v. Ruzeqics*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). "But, when a nonresident defendant voluntarily enters into a contract which contemplates business activity by a forum-state entity foreseeable to the nonresident defendant, such action establishes a minimum contact sufficient for a valid exercise of jurisdiction over the nonresident defendant." *Consolidated Cos., Inc. v. Kern*, 2000 WL 1036186, at *3 (E.D. La. 2000) (citing *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982)). In a breach of contract case, among the factors that a court should consider in determining whether there has been purposeful availment are prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing. *Stuart*, 772 F.2d at 1193 (citing *Burger King*, 471 U.S. at 479).

Once a court determines that a plaintiff's cause of action arose out of defendant's minimum contacts with the forum state, that court will next consider whether asserting specific jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. This prong of the analysis requires consideration of "the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic

equities." *Stuart*, 772 F.2d at 1191 (quoting *Southwest Offset, Inc. v. Hudco Publ'g Co.*, 662 F.2d 149, 152 (5th Cir.1980)).

Louisiana courts have also consistently held that there are minimum contacts such that they have jurisdiction over a suit for payment of a loan by a Louisiana bank against an out-of-state borrower or guarantor. *See Koeniger v. Lentz*, 450 So.2d 680, 681 (La. App. 1984); *American Bank and Trust Co. v. Sunbelt Environmental Systems, Inc.*, 451 So.2d 1111, 1114 (La. App. 1984). In the instant case, the facts demonstrate that McNeil and Runnels purposefully availed themselves of the privileges of conducting business in Louisiana. Their execution of the guaranties was completely voluntary, and both documents explicitly state that they were executed to guarantee PC's present and future indebtedness on a continuing basis. Subsequent business activity–such as the adjustment of the terms of the promissory note and the extension of its maturity date–was certainly foreseeable to McNeil and Runnels and was explicitly supported by the guaranties the two Defendants signed. This continuing obligation, with the understanding that regular payments would be sent into Louisiana, creates an ongoing contact with Louisiana sufficient to support the exercise of jurisdiction by this Court over McNeil and Runnels. The Court also concludes that the instant suit arises out of those contacts, satisfying the second prong of the test.

Finally, the Court must consider whether exercising jurisdiction over McNeil and Runnels is fair and reasonable. Louisiana certainly has an interest in providing a forum for litigation concerning a contract governed by its laws and affecting one of its citizens. The Court does not find that the inconveniences to the parties are disproportionately skewed against

Defendants, since the ease of travel between Florida and Louisiana will lighten any burden that litigation in this state may impose. Regarding the equities, the Court does not view its retention of jurisdiction over McNeil and Runnels as unfair. As Judge Fallon put it in *Kern*, "[B]y its very nature, a guaranty symbolizes the willingness of the guarantor to 'stand in the shoes' of the guaranteed company or individual. A guaranty would be worthless if the guarantor could not be held responsible for the guaranteed obligations." *Kern*, 2000 WL 1036186 at *5. Therefore, because Louisiana does have an interest in providing a forum for this suit, the suit presents no great inconvenience to Defendants, and it is not inequitable to require Defendants to litigate in this forum, an assertion of jurisdiction over Defendants by this Court is both fair and reasonable.

Accordingly, the Court concludes that it has specific jurisdiction over McNeil and Runnels for purposes of the instant suit and that such jurisdiction comports with fair play and substantial justice.

**B. Motion to Transfer Venue**

The decision of whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In determining whether transfer is proper under 28 U.S.C. § 1404(a), courts consider both private interest and public interest factors. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 241 n. 6. The public interest factors to be considered

7

include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Finally, "while neither conclusive nor determinative," in the Fifth Circuit "the plaintiff's choice of forum is clearly a factor to be considered." *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003). The plaintiff's choice of forum places a "good cause" burden on the defendant who seeks the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). This "good cause" burden is met when the moving party can "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*

Defendants have failed to show that either the private or public interest factors militate in favor of transferring venue in this case. Since the contracts that are the basis of this case were with a Louisiana bank, and once executed were delivered to the state, documents and witnesses are located in Louisiana, not anywhere else. Many of these witnesses, because not parties to the case, would not be within the subpoena power of a district court in Mississippi or Florida. Nor have the Defendants shown that the dockets of this district are too congested as to cause difficulty in administering the case. Additionally, courts in this state obviously have a special expertise in applying–as is required by the language of the guaranties–the laws of Louisiana. Finally, the Eastern District of Louisiana is the forum chosen by plaintiffs, and that choice is entitled to some deference. The Defendants have failed to demonstrate that a transfer is necessary or that another district is a more convenient or apposite forum for the resolution of this

8

lawsuit.

## III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the motion to dismiss is **DENIED**. Defendants shall file their answer or other responsive pleading within 10 days of the date of this Order.

New Orleans, Louisiana, this 11th day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**

9